IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENEAL SCARLETT<br>363 East Upsal Street<br>Philadelphia, PA 19119<br><br>        Plaintiff,<br>  v.<br><br>FIRST STUDENT, INC.<br>191 Rosa Parks Street, 8th Floor<br>Cincinnati, OH 45202<br><br>        Defendant. | CIVIL ACTION<br><br>CASE NO.: |

## CIVIL ACTION COMPLAINT

Keneal Scarlett (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against First Student, Inc. (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA. There lies supplemental and/or ancillary

jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit under the ADA within 90 days of receiving a right-to-sue letter from the EEOC.

6. Plaintiff dual-filed a complaint with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the PHRC, and by filing the instant lawsuit after the Charge was pending with the PHRC for over 1 (one) year.

## **PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a school transportation company that partners with school districts across the United States.

10. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was hired by Defendant on or about November 13, 2023.

13. At all times during his employment with Defendant, Plaintiff worked as a Van Driver at Defendant's 1065 Belvoir Road, Plymouth Meeting, PA 19462 location until he was unlawfully terminated on or about June 5, 2024, for reasons discussed *infra*.

14. At all times relevant herein, Plaintiff was supervised by Defendant's Location Manager, Matthew Pokorny (hereinafter "Pokorny").

15. During his employment with Defendant, Plaintiff was a very hard-working employee, who performed his job well.

16. Plaintiff has and continues to suffer from ADA-qualifying disabilities, including but not limited to shoulder and neck problems amongst other complications/conditions, stemming from a Motor Vehicle Accident that occurred on or about May 31, 2024, while performing work for Defendant.

17. Defendant's Location Safety manager, Derek Jackson (hereinafter "Jackson") was present at the scene of the accident on or about May 31, 2024, and as such, was apprised that

Plaintiff would be seeking treatment for his injuries at the Emergency Room ("ER") the same day.

18. Plaintiff was discharged from the ER with a return-to-work date of June 4, 2024.

19. Plaintiff informed Respondent's management, including Pokorny and Jackson of his medical clearance status and his expected return-to-work day.

20. In fact, on or about May 31, 2024 (the same day as his accident), Plaintiff provided Defendant with a note from his physician regarding his medical status and that he was released to return to work on June 4, 2024.

21. However, upon providing Defendant's management with his doctor's note, he was accused of forging the note and tampering with dates.

22. Plaintiff was perplexed by this accusation, as the note he provided Defendant with came directly from the ER and Jackson knew at the time of the accident that Plaintiff was seeking medical treatment at the ER.

23. However, Plaintiff's efforts to advocate or prove that his note was legitimate were ignored and/or dismissed.

24. Instead, Jackson repeatedly told Plaintiff to "get it signed" (referring to the return-to-work ER letter), insinuating that the note was insufficient or incomplete.

25. Thereafter, Plaintiff returned to the ER but was unable to see the doctor who treated him.

26. Therefore, the attending physician reviewed Plaintiff's file and signed the note.

27. Plaintiff returned this signed note to Defendant.

28. In addition to being accused of forging his medical clearance, Plaintiff was also informed by Defendant's management that Plaintiff was a no-call/no-show on June 3, 2024.

29. Plaintiff was again perplexed, as Defendant was aware that Plaintiff was out of work because of his injuries/medical conditions and knew Plaintiff's return-to-work date was June 4, 2025.

30. On or about June 5, 2024, ***less than five days after the acciden**t*, and **only one day** after being cleared to return to work, Plaintiff was informed by Defendant's management that he was being terminated for allegedly forging the aforesaid medical notes.

31. This unjust and unsupported accusation came despite Defendant having been provided with several medical notes from the ER that apprised Defendant's emanagement of Plaintiff's medical status, and despite Jackson's direct knowledge on the day of the accident that Plaintiff would be seeking treatment at the ER.

32. Defendant never asked for permission to contact the ER themselves and discuss this matter with Plaintiff's attending physician, and had they asked to do so, Plaintiff would have given them permission as he had done nothing wrong and would have given Defendant anything they needed to prove that Plaintiff did not forge his doctor's notes.

33. In fact, even though Plaintiff had been terminated under false pretenses, he continued to plead his case by immediately contacting the ER and requesting that Plaintiff's ER treating physicians speak with Pokorny to clear up any concern that Pokorny may have had about the letters and to confirm that Plaintiff was indeed treated by the ER on or about May 31, 2024.

34. Plaintiff also requested that his attending physician provide an additional note explaining that **none** of the medical notes were forged.

35. Despite providing verbal and written confirmation that Plaintiff was treated by the ER and released to return on June 4, 2024, and that the attending physician's signature on the

second note was not forged, Defendant continued to uphold Plaintiff's termination, claiming that Plaintiff forged the aforesaid medical notes.

36. Defendant's reason for Plaintiff's termination was completely pretextual and a false justification to conceal its true discriminatory and retaliatory motive.

37. Based on the foregoing, Plaintiff believes and avers that he was ultimately terminated from his employment with Defendant in violation of state and federal law.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
([1] Actual/Perceived Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffers from qualifying disabilities under the ADA and placed Defendant's management on notice of his need for reasonable accommodations under the ADA, which Defendant failed to accommodate.

40. Plaintiff believes and avers that his actual and/or perceived disabilities were a motivating or determinative factor in Defendant's decision to terminate his employment.

41. Plaintiff also believes and avers that his reasonable requests for medical accommodations were the cause of Defendant's decision to terminate his employment.

42. Lastly, Plaintiff believes and avers that he was terminated as a direct result of Defendant's failure to engage in the interactive process and accommodate him and that Defendant terminated him to avoid having to accommodate his disabilities.

43. Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of the ADA for discriminatory/and or retaliatory reasons.

## Count II
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Actual/Perceived Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate; [4] Hostile Work Environment)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Plaintiff re-asserts the same claims as set forth in Count I herein, as they constitute the same violations of the Pennsylvania Human Relations Act ("PHRA"), which is the state equivalent of such law interpreted and analyzed in the same manner in the Third Circuit.

46. Defendant's termination of Plaintiff therefore constitutes a violation of Commonwealth's common law protections.

## Count III
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

49. It is against Pennsylvania's public policy for an employee to be terminated for making a worker's compensation claim and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

50. The mere temporal proximity between when Plaintiff's sought worker's compensation and his termination creates an inference that his termination was in retaliation for seeking such benefits.

51. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

    **KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: February 2, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Keneal Scarlett | : | CIVIL ACTION |
| v. | : | |
| First Student, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 2/2/2026 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: **Defendants place of business**

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCARLETT, KENEAL

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
FIRST STUDENT, INC.

County of Residence of First Listed Defendant: Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/2/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____